**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| Justin Oviedo-Carrion, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil No. 4:26-cv-4304 |
| | § | |
| Markwayne Mullin, *et al.*, | § | |
| | § | |
| Respondents. | § | |

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Justin Oviedo-Carrion is a native and citizen of Nicaragua who entered the United States on or about December 25, 2021. Docs. 1 at 2 & 4, 1-2 at 4, 7 at 2, 7-1 at 2. Petitioner was charged as subject to removal as an alien present in the United States without being admitted or paroled or who arrived in the United States at any time or place other than as designated by the Attorney General. Docs. 1-2 at 4, 7 at 2, 7-1 at 2. On or about January 3, 2022, Petitioner was released from immigration detention on an order of release on recognizance. Docs. 1 at 14, 1-2 at 8–11, 7 at 2. On February 25, 2025, Petitioner was ordered removed from the United States, and, in March 2025, he filed an appeal with the Board of Immigration Appeals. Docs. 1 at 14, 1-2 at 13, 7 at 2, 7-2, 7-3. This appeal remains pending. Docs. 1 at 14, 1-2 at 13, 7 at 2, 7-3 at 6.

On February 13, 2026, Petitioner was detained by the Department of Homeland Security pursuant to 8 U.S.C. § 1225(b)(2)(A), and he remains in the custody of Respondent, Warden of the Joe Corley Processing Center in Conroe, Texas. Docs. 1 at 2, 1-2 at 2, 7 at 3. Petitioner seeks a writ of *habeas corpus* under 28 U.S.C. § 2241 on the

grounds that his present detention without a bond hearing violates (i) the Immigration and Nationality Act; (ii) substantive due process; and (iii) procedural due process. Doc. 1 at 3, 10–12, 15–23.

Now before the Court is Respondents' Motion for Summary Judgment, Doc. 7, to which Petitioner has responded in opposition, Doc. 8. Respondents maintain that Petitioner is not entitled to a bond hearing because he is an "applicant for admission" under 8 U.S.C. § 1225(b)(2)(A) and is therefore subject to mandatory detention pending his removal proceedings. *See* Doc. 7; *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026).

This Court has previously resolved the precise challenges raised by Petitioner, determining that the government may subject aliens awaiting a final removal order to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). *See Campos Bernal v. Frink*, 4:26-cv-2239, 2026 WL 1804234 (S.D. Tex. June 23, 2026). This Court held that for aliens such as Petitioner, pre-removal-order detention is both demanded by the Immigration and Nationality Act and a constitutionally permissible part of the removal process. *See id.* at *1, *4 (citing *Demore v. Kim*, 538 U.S. 510, 531 (2003)).

As such, Respondents' Motion for Summary Judgment is GRANTED, and the Petition for writ of *habeas corpus* is DENIED. This action is DISMISSED WITH PREJUDICE. The Clerk of Court is directed to CLOSE this case. A final judgment will be entered separately.

**SO ORDERED.**

**SIGNED** at Houston, Texas, on the 29th of July, 2026.

_____
Nicholas J. Ganjei
United States District Judge